REGAN, Judge.
The plaintiff, Bernard H. Sanders, filed this suit against the defendant, Fidelity Casualty Company of New York, the workmen’s compensation insurer of Pan Air Corporation, endeavoring to recover the sum of $14,000.00 representing the amount of workmen’s compensation claimed for total and permanent disability resulting from injuries incurred when he fell from a scaffold while in the course of his employment as an aircraft mechanic for Pan Air Corporation.
The plaintiff’s original petition asserted that he incurred an injury to his back; however, following a trial on the merits, the pleadings were amended to include an injury to his left elbow.
The defendant answered and insisted that no residual disability resulted from the injuries incurred by the plaintiff and that he had been discharged by his treating physician as medically fit to return to his former occupation as of June 1, 1963.
The lower court rendered judgment in favor of the plaintiff awarding 113% weeks of compensation at $35.00 per week subject to a credit of 17% weeks of compensation previously paid. It rejected his claim for injury to his elbow since it did not emanate from the accident.
From that judgment, the defendant has prosecuted this appeal. The plaintiff has answered the appeal requesting an increase in the judgment to 400 weeks at the rate of $35.00 per week representing compensation for total and permanent disability.
The record reveals that on January 30, 1963, the plaintiff was engaged in working as an aircraft mechanic[1] for his employer, Pan Air Corporation, when he was knocked from an eighteen foot scaffold and fell to the concrete floor of an airplane hangar. As a result thereof, he incurred a fracture of the alar of the left ilium and a fracture of the transverse process of the third lumbar vertebra.
He was hospitalized until February 24, and during a part of this time he was in traction. Thereafter, he asserted that he was no longer able to perform the work required of an aircraft mechanic, and later obtained employment in his original occupation of flight engineer at an average salary of $500.00 per month.
He related that he wore a surgical corset until about October of 1963, and, thereafter, he used it only occasionally, that is, when he experienced severe back pain.
In support of his claim, the plaintiff offered the expert testimony of Dr. George C. Battalora, Sr., taken by deposition and admitted into evidence by stipulation. This physician asserted that he examined the plaintiff on January 31, 1964, and finally on April 9, 1965, three days prior to the trial hereof.
*374 Dr. Battalora testified that his initial examination revealed that the plaintiff sustained trauma to the back with a possible fracture of the pelvis and of the transverse process of the fourth lumbar vertebra. He expressed the opinion that there was a post-dural defect manifested by deep lumbar lordosis, and this probably produced constant strain on the low back area. He explained that it was possible for a patient to have such an affliction without pain, but following an accident, the condition may be converted into a painful one. He also found that on the date of his second examination, that is, April 9, 1965, the plaintiff’s lower back muscles still evidenced spasm and tenderness.
The evidence offered by the defendant consisted of the testimony of three medical witnesses. Dr. Sam Houston, an expert in industrial surgery, and who was the treating physician, testified that as of July of 1963, his clinical and X-ray examination failed to reveal any evidence of disability resulting from the injury. He was of the opinion that as of that date the plaintiff possessed no evidence of disability and could have resumed any occupation whatsoever. He added that there was no clinical basis for the plaintiff’s declarations of pain.
Additionally, the report of Dr. William Roy was admitted into the record by stipulation. In his initial report of February 1, 1963, he stated that eight to ten weeks would be required for both treatment and recovery. The second report, dated May 9, 1963, revealed that the plaintiff was recovering fairly well, and that there was no rigidity or muscle guarding in the area of the trauma. Finally, it was his opinion that the plaintiff was fit to return to work as of April 2, 1963, and he was accordingly discharged.
The third item of medical evidence submitted on behalf of the defendant consisted of the deposition of Dr. Gernon Brown, which also was admitted into the record by stipulation. This physician examined the plaintiff in August of 1963, at which time he complained of occasional discomfort in the back but evidenced no muscle spasm and exhibited good range of motion without tenderness. In short, Dr. Brown believed that in August of 1963, the plaintiff could resume his former occupation. He examined the plaintiff in April of 1965, at which time there was no evidence of any disability in his back. However, Dr. Brown stated that it was possible that the plaintiff might have pain at the time of the examination.
Relative to the injury to the plaintiff’s arm, the record reveals that he never voiced any complaint thereof to any of the doctors-who examined him. The injury was discovered by Dr. Battalora as the result of an-X-ray examination, and it was at this point that the injury was made a part of this-suit by virtue of a supplemental and amended petition. Suffice it to say that there is-no evidence in the record to indicate any causal connection between the plaintiff’s accident of January 30, 1963, and the injury to his elbow.
The foregoing elucidation reveals, with-respect to the plaintiff’s back injury, that only questions of fact were posed for the-trial court’s consideration. The judge thereof obviously accepted the plaintiff’s, lay and medical evidence relative to the degree and severity of the injury, together with the duration of the disability resulting-therefrom, and upon this evidence predicated his award of compensation up to and' including April 9, 1965, the date of Dr. Bat-talora’s last examination, which revealed', muscle spasm and tenderness.
The question which this appeal has posedi for our consideration is whether that finding of the trial judge, in view of the opinions expressed by the defendant’s three-medical experts, is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a pro *375 tracted dissection of the foregoing medical testimony or by endeavoring to reconcile the respective litigants’ version of the dur.ation of the plaintiff’s disability. The trial judge obviously accepted the plaintiff’s and Dr. Battalora’s version thereof and our .analysis of the whole tenor of the record •convinces us that the evidence reasonably and with probability preponderates in his favor and the judgment is, therefore, cor•rect.
For the foregoing reasons, the judgment ■of the lower court is hereby affirmed.
The defendant is to pay all costs incurred '.herein.
Affirmed.

. The plaintiff acknowledged that his normal line of work was that of a flight engineer rather than a mechanic, and that he was engaged in a mechanic’s work when the accident occurred because his airline was or had been on strike and he was between jobs as a flight engineer.